IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHAD CUTLER,
#S16948,

        Plaintiff,

v.

ANTHONY WILLS,
MENARD CORRECTIONAL CENTER,
ILLINOIS DEPARTMENT OF
CORRECTIONS, and
STATE OF ILLINOIS,

        Defendants.

Case No. 23-cv-03127-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Chad Cutler, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Plaintiff claims that he is suffering from untreated and undiagnosed episodes of paralysis that put him in danger of attack and sexual assault by other inmates. Plaintiff seeks monetary damages and preliminary and permanent injunctive relief.

    After filing the Complaint, Plaintiff filed a letter to the Court that he specified was not a supplement but was filed with the intention of providing additional information regarding his attempts to exhaust his administrative remedies. (Doc. 6). On October 11, 2023, Plaintiff filed an amendment to the original Complaint in order to "update" the Court regarding how he continues to be ignored and untreated by medical staff. (Doc. 9). Generally, the Court does not allow piecemeal amendments and supplements to a complaint. An amended complaint supersedes and

replaces the original complaint and renders the original void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). However, as a onetime courtesy, the Court will allow Plaintiff to amend his Complaint with the contents of Doc. 6 and Doc. 9. Going forward, Plaintiff is advised that an amended complaint must stand on its own and include all allegations against all defendants and any exhibits. Any attempts to file piecemeal addendums, supplements, notices that include additional allegations, or amendments will be stricken.

The Complaint and its supplements (Doc. 1, 6, 9) are now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges that he has low functioning autism and another condition that has not been diagnosed or evaluated. (Doc. 1, p. 3). This second condition causes Plaintiff to enter a paralytic state when under extreme stress or at other random moments. During these episodes, Plaintiff experiences loss of voluntary movement that lasts for minutes or hours and is utterly defenseless to violent or sexual advances by other inmates. (*Id.*).

On July 10, 2023, Plaintiff began writing the medical department at Menard with requests for urgent medical attention. (Doc. 1, p. 4). Plaintiff states he has submitted over fifty requests. All of which have been ignored for over seventy days. (*Id.*).

Plaintiff has also submitted three PREA reports due the high likelihood of being raped or maimed by a cellmate while during a paralytic episode. (Doc. 1, p. 4). In July, Plaintiff wrote to his counselor twice seeking assistance with acquiring medical attention and did not receive a

response. (*Id.* at p. 5). On July 21, 2023, Plaintiff appeared before the Administrative Review Board and described his unsuccessful attempts to be treated and that his condition places him in danger. (*Id.*) He also wrote emergency grievances on August 20, 2023, and September 1, 2023. On September 27, 2023, Plaintiff again appeared before the Administrative Review Board and presented his issues with obtaining medical treatment and receiving recognition of his condition by staff, which makes him vulnerable to an attack by another inmate. (Doc. 9). Despite notifying prison officials that he is being denied medical treatment, his condition continues to go untreated and ignored by medical staff placing him in a dangerous situation. (*Id.*; Doc. 9, p. 2-4).

## PRELIMINARY DISMISSAL

The Court dismisses all claims against Menard Correctional Center, the State of Illinois, and the Illinois Department of Corrections. None of these entities can be considered a "person" subject to suit for money damages under Section 1983. *Thomas v. Ill.*, 697 F.3d 612, 613 (7th Cir. 2012). Neither can a state agency be sued for prospective injunctive relief in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regulation*, 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases).

## DISCUSSION

Based on the allegations in the Complaint and Plaintiff's articulation of his claims, the Court designates the following counts:

> **Count 1:** Eighth Amendment claim against Wills for failing to protect Plaintiff from attack from other inmates.
>
> **Count 2:** Eighth Amendment claim against Wills for deliberate indifference to a serious medical need.
>
> **Count 3:** Fourteenth Amendment claim against Wills for violation of the Equal Protection Clause.

The parties and the Court will use these designations in all future pleadings and orders, unless

otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Count 1

In order for a plaintiff to succeed on a failure to protect claim, the plaintiff must plead that he was incarcerated under conditions posing a substantial risk of serious harm, and that the defendant acted with "deliberate indifference" to that danger. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Pinkston v. Madry,* 440 F.3d 879, 889 (7th Cir. 2006). A plaintiff also must allege that prison officials were aware of a specific, impending, and substantial threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, the defendant had to know that there was a substantial risk that those who attacked plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).

Plaintiff has failed to state a claim for failure to protect against Warden Wills. Assuming that Wills has been notified of Plaintiff's paralytic episodes and that Plaintiff fears for his safety, these fears are too generalized. Plaintiff has not pled that he has notified Wills of *substantial risks,* meaning "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz,* 398 F. 3d 904, 911 (7th Cir. 2005). He has not described his current cellmate as someone with a known propensity to sexually assault or attack others and has not pled any specific threats posed by any inmate. Rather, he makes the conclusory statement that his condition presents a "high likelihood of being raped or maimed by a cellmate while in such a defenseless and vulnerable state." (Doc. 1, p. 4). These general allegations are too vague to state a claim for failure to protect. *See Saunders v. Tourville,* 97 F. App'x 648, 649 (7th Cir. 2004) ("an inmate who suffers only a

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

risk of physical harm has no compensable claim under the Eighth Amendment"). *See also Klebanowski v. Sheahan,* 540 F. 3d 633, 639 (7th Cir. 2008) (a failure to protect claim requires more than "general allegations of fear or the need to be removed"). Accordingly, Count 1 is dismissed without prejudice.

### Count 2

Count 2 will proceed against Warden Wills, who was notified that Plaintiff is not receiving treatment for his paralytic episodes and has failed to act to ensure Plaintiff receives medical care. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

### Count 3

The Equal Protection Clause prohibits the singling out of a person for different treatment for no rational reason. To state a class-of-one equal protection claim, an individual must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff asserts that he is being treated differently from an inmate who is quadriplegic or otherwise paralyzed, who would not be placed unprotected in a cell with other maximum-security prisoners with histories of rape and murder. (Doc. 1, p. 6-7). This allegation is not sufficient to state an equal protection claim. Plaintiff has failed to plead facts to suggest that he has been *intentionally* treated differently. He also has not identified individuals who are similarly situated and who were treated differently from him. Rather, he names a hypothetical scenario where a quadriplegic inmate would not be housed in general population. Plaintiff, who recently began experiencing unexplained episodes of paralysis, is not similarly situated to prisoners who are permanently quadriplegic or paralyzed. *See Glover v. Litscher,* 16-c-1048, 2018 WL 9986634, at *5 (E.D. Wisc. Jan. 11, 2018) (the plaintiff, who was experiencing physical side effects from

surgery, was not similarly situated to prisoners experiencing gender dysphoria). Accordingly, Count 3 is dismissed without prejudice.

### REQUESTS FOR PRELIMINARY INJUNCTION

On October 11, 2023, Plaintiff filed a request for a preliminary injunction. (Doc. 8). He also requests preliminary injunctive relief in the Complaint. (Doc. 1, p. 9). In the motion, Plaintiff states that his condition is becoming alarmingly worse, and the medical department continues to ignore his request for treatment. He fears "the occurrence of a cataleptic episode being detected by a cellmate eager to inflict harm, which would likely lead to his being raped, maimed, or killed while in a defenseless state." (Doc. 8, p. 2). Plaintiff seeks a Court order requiring IDOC to place him on strictly single cell status until such time as a full medical evaluation is completed. (Doc. 8, p. 2; Doc. 1, p. 10). The Court **DEFERS** ruling on the motion. Defendant Wills is **ORDERED** to respond to the motion within 14 days of service.

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 2** will proceed against Wills. **COUNTS 1** and **3** are dismissed without prejudice. All claims against Menard Correctional Center, Illinois Department of Corrections, and the State of Illinois are **DISMISSED with prejudice.** The Clerk is **DIRECTED** to terminate these entities as Defendants on the docket.

Because Plaintiff's claims involve his medical care, the Clerk is further **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Wills the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this

Memorandum and Order to the defendant's place of employment. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Wills is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant Wills should respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED:   October 16, 2023

                                                         *s/Stephen P. McGlynn*
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.