UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAD CUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:23-cv-03127-GCS |
| ) | |
| ANTHONY WILLS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

Currently, before the Court is Plaintiff Chad Cutler's motion to reconsider the summary dismissal of Plaintiff's Count 1. (Doc. 8). Specifically, Plaintiff moves the Court to reconsider the Order dated October 16, 2023 (Doc. 11), dismissing without prejudice Plaintiff's Eighth Amendment claim against Wills for failing to protect him from attack from other inmates. (Doc. 39). Wills opposes the motion. (Doc. 44). Based on the reasons delineated below, the Court **DENIES** the motion.

Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims that he is suffering from untreated and undiagnosed episodes of paralysis that put him in danger of attack and sexual assault by other inmates. Plaintiff seeks monetary damages and injunctive relief.

Plaintiff alleges that he has low functioning autism and another condition that has not been diagnosed or evaluated. (Doc. 1, p. 3). This second condition causes Plaintiff to enter a paralytic state when under extreme stress or at other random moments. During these episodes, Plaintiff experiences a loss of voluntary movement that lasts for minutes or hours. *Id.* When Plaintiff is in such a state, he is utterly defenseless to violent or sexual advances by other inmates. *Id.*

On July 10, 2023, Plaintiff began writing the medical department at Menard with requests for urgent medical attention. (Doc. 1, p. 4). Plaintiff states he has submitted over fifty requests. All such requests have been ignored for over seventy days. *Id.*

Plaintiff has also submitted three PREA reports due to the high likelihood of being raped or maimed by a cellmate during a paralytic episode. (Doc. 1, p. 4). In July, Plaintiff wrote to his counselor twice seeking assistance with acquiring medical attention, and he did not receive a response. *Id.* at p. 5. On July 21, 2023, Plaintiff appeared before the Administrative Review Board and described his unsuccessful attempts to be treated and that his condition places him in danger. *Id.* He also wrote emergency grievances on August 20, 2023, and September 1, 2023. On September 27, 2023, Plaintiff again appeared before the Administrative Review Board and presented his issues with obtaining medical treatment and not receiving recognition of his condition by staff, which makes him vulnerable to an attack by another inmate. (Doc. 9). Despite notifying prison officials that he is being denied medical treatment, his condition continues to go untreated and ignored by medical staff, thus placing him in a dangerous situation. *Id.* at p. 2-4.

On October 16, 2023, the Court performed its preliminary screening Order pursuant to 28 U.S.C. § 1915A and allowed Plaintiff to proceed on an Eighth Amendment claim against Defendant Wills for deliberate indifference to a serious medical need. (Doc. 11).

## DISCUSSION

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. Nevertheless, the Seventh Circuit has approved of district courts construing motions pursuant to the standards set forth in Federal Rule of Civil Procedure 59(e) or 60(b) if it appears that a party is requesting relief available under those Rules. *See United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). A motion under Rule 59(e) must be filed "no later than 28 days after the entry of judgment/order to be timely. This time limit is unyielding." *Banks v. Chicago Bd. of Educ.*, 750 F. 3d 663, 666 (7th Cir. 2014) (citations omitted). The Court cannot extend the 28-day deadline imposed by Rule 59(e). *Id.* (citing FED. R. CIV. P. 6(b)(2); *Justice v. Town of Cicero, Ill.*, 682 F. 3d 662, 664-665 (7th Cir. 2012)). When a motion to reconsider is filed more than 28 days after the entry of judgment/order, the Court is to treat the motion as filed under Rule 60(b). *Id.*

The deadline for Plaintiff to file a motion pursuant to Rule 59(e) was November 14, 2023, 28 days after the entry of the Order on October 16, 2023. *See* FED. R. CIV. PROC. 59(e). Plaintiff filed the motion to reconsider on December 14, 2023. Thus, the Court must treat the motion to reconsider as one filed pursuant to Rule 60(b).

Under Rule 60(b), a Court may vacate a final judgment for mistake, inadvertence, surprise, or excusable neglect; fraud or misconduct of the opposing party; a judgment

that is void or discharged; newly discovered evidence; or "any other reason that justifies relief." FED. R. CIV. PROC. 60(b)(1)-(6). Despite the catchall provision of allowing a court to grant relief for "any other reason," Rule 60(b) is still an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F. 3d 747, 759 (7th Cir. 2010) (quoting *Dickerson v. Board of Educ.* of Ford Heights, Ill., 32 F.3d 1114, 1116 (7th Cir. 1994)).

Here, Plaintiff has not shown a legal or factual mistake made by the Court, nor has he demonstrated any other reason to justify relief. *See Kemp v. United States*, 596 U.S. 528, 533-534 (2022). In dismissing Count 1 without prejudice, the Court correctly ruled that Plaintiff's allegations regarding his safety and fears of attack are too generalized in that he has not described his current cellmate as someone with a known propensity to sexually assault or attack others and has not alleged any specific threats posed by any inmate. *See, e.g.*, *Saunders v. Tourville*, No. 03-3757, 97 Fed. Appx. 648, 649 (7th Cir. April 19, 2004) (noting that "an inmate who suffers only a risk of physical harm has no compensable claim under the Eighth Amendment."); *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008) (indicating that a failure to protect claim requires more than "general allegations of fear or the need to be removed"). Plaintiff maintains that after the preliminary injunction hearing the record now contains additional evidence to support his failure to protect claim in that staff destroyed his written requests and grievances as they refused to protect him when they were aware of his medical condition. Despite Plaintiff's assertions, the Court does not find that the record supports a claim for failure to protect. In fact, Plaintiff testified during the preliminary injunction hearing that his

medical condition is not obvious to other inmates, as he tries to hide it; that he has never been assaulted because of this medical condition; and that he has never been threatened because of this medical condition. Thus, the Court remains convinced of the correctness of its decision.

## Conclusion

For the above-stated reasons, the Court **DENIES** Plaintiff's motion to reconsider the summary dismissal of Plaintiff's Count 1. (Doc. 39).

**IT IS SO ORDERED.**

**DATED: January 3, 2024.**

Digitally signed by Judge Sison
Date: 2024.01.03 15:31:25 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**