UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAD CUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-03127-GCS |
| | ) |
| ANTHONY WILLS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

Pending before the Court are two motions to reconsider filed by Plaintiff Chad Cutler. (Doc. 68, 90). Specifically, Plaintiff moves the Court to reconsider the Memorandum & Order dated February 7, 2024 (Doc. 65), denying his motion for preliminary injunction. Wills opposes the motions. (Doc. 80, 92). Based on the reasons delineated below, the Court **DENIES** the motions.

Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims that he is suffering from untreated and undiagnosed episodes of paralysis that put him in danger of attack and sexual assault by other inmates. Plaintiff seeks monetary damages and injunctive relief.

Plaintiff alleges that he has low functioning autism and another condition that has not been diagnosed or evaluated. (Doc. 1, p. 3). This second condition causes Plaintiff to enter a paralytic state when under extreme stress or at other random moments. During these episodes, Plaintiff experiences a loss of voluntary movement that lasts for minutes or hours. *Id.* When Plaintiff is in such a state, he is utterly defenseless to violent or sexual advances by other inmates. *Id.*

On July 10, 2023, Plaintiff began writing the medical department at Menard with requests for urgent medical attention. (Doc. 1, p. 4). Plaintiff states he has submitted over fifty requests. All such requests have been ignored for over seventy days. *Id.*

Plaintiff has also submitted three PREA reports due to the high likelihood of being raped or maimed by a cellmate during a paralytic episode. (Doc. 1, p. 4). In July, Plaintiff wrote to his counselor twice seeking assistance with acquiring medical attention, and he did not receive a response. *Id.* at p. 5. On July 21, 2023, Plaintiff appeared before the Administrative Review Board ("ARB") and described his unsuccessful attempts to be treated and that his condition places him in danger. *Id.* He also wrote emergency grievances on August 20, 2023, and September 1, 2023. On September 27, 2023, Plaintiff again appeared before the ARB and presented his issues with obtaining medical treatment and not receiving recognition of his condition by staff, which makes him vulnerable to an attack by another inmate. (Doc. 9). Despite notifying prison officials that he is being denied medical treatment, his condition continues to go untreated and ignored by medical staff, thus placing him in a dangerous situation. *Id.* at p. 2-4.

On October 16, 2023, the Court performed its preliminary screening Order pursuant to 28 U.S.C. § 1915A and allowed Plaintiff to proceed on an Eighth Amendment claim against Defendant Wills for deliberate indifference to a serious medical need. (Doc. 11).

## DISCUSSION

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. Nevertheless, the Seventh Circuit has approved of district courts construing motions pursuant to the standards set forth in Federal Rule of Civil Procedure 59(e) or 60(b) if it appears that a party is requesting relief available under those Rules. *See United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). A motion under Rule 59(e) must be filed "no later than 28 days after the entry of judgment/order to be timely. This time limit is unyielding." *Banks v. Chicago Bd. of Educ.*, 750 F. 3d 663, 666 (7th Cir. 2014) (citations omitted). The Court cannot extend the 28-day deadline imposed by Rule 59(e). *Id.* (citing FED. R. CIV. PROC. 6(b)(2); *Justice v. Town of Cicero, Ill.*, 682 F. 3d 662, 664-665 (7th Cir. 2012)). When a motion to reconsider is filed more than 28 days after the entry of judgment/order, the Court is to treat the motion as filed under Rule 60(b). *Id.*

Here, the first motion to reconsider was filed on March 6, 2024, within the 28-day deadline. (Doc. 68). Thus, the Court will consider that motion under Rule 59(e). However, the second motion to reconsider was filed on April 24, 2024. (Doc. 90). Therefore, the Court will consider that motion under Rule 60(b).

Altering or amending through Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are for the limited purpose of correcting a "manifest error," and "[a] 'manifest error' is not demonstrated by the disappointment of the losing party"; rather, "[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and internal quotations omitted). Rule 59(e) permits the Court to alter or amend judgments upon motion filed no later than 28 days after the date of entry.

A Rule 59(e) motion "is only proper when the movant presents newly discovered evidence . . . or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252-253 (7th Cir. 2015) (citations and internal quotations omitted). The motion is not an invitation to rehash previously considered and rejected arguments. *See Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

Under Rule 60(b), a Court may vacate a final judgment for mistake, inadvertence, surprise, or excusable neglect; fraud or misconduct of the opposing party; a judgment that is void or discharged; newly discovered evidence; or "any other reason that justifies relief." FED. R. CIV. PROC. 60(b)(1)-(6). Despite the catchall provision of allowing a court to grant relief for "any other reason," Rule 60(b) is still an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F. 3d 747, 759 (7th Cir. 2010) (quoting *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

As to the motion to reconsider filed on March 6, 2024, the Court finds that there is no manifest error of law or fact under the standard set forth under Rule 59(e). Clearly, Cutler takes issues with the Court's decision to deny his motion for preliminary injunction. Further, as noted by the record, the Court afforded Cutler the opportunity to supplement his motion after the Court conducted a lengthy hearing on the motion for preliminary injunction. Additionally, the Court listened and observed Cutler testify during the hearing. In fact, during the preliminary injunction hearing Cutler testified that his medical condition is not obvious to other inmates, as he tries to hide it; that he has never been assaulted because of this medical condition; and that he has never been threatened because of this medical condition.

Even so, Cutler primarily rehashes and reargues points raised in his numerous pleadings and during the preliminary injunction hearing. Moreover, the Court addressed these issues in its extensive and thorough Memorandum & Order denying the motion for preliminary injunction. Cutler, *inter alia*, argues the following in support of his motion for reconsideration:

1) the facts of his case have been misunderstood and cited incorrectly;

2) Defendant Wills has liberally distorted the facts and the Court accepted these distortions;

3) the Court is mistaken is finding that he has not provided verifiable evidence that he suffers from episodes of paralysis which would be an objectively serious condition; and

4) Wills knew of and disregarded such risk to his health.

The Court rejects all these arguments.

The Court did not overlook significant facts that would have changed the outcome of the undersigned's decision. The Court remains convinced of the correctness of its decision. There has not been a wholesale disregard for, misapplication of, or failure to recognize controlling precedent. Instead, this is an instance where the losing party is disappointed by the outcome. This alone is insufficient to warrant a reversal. Thus, the Court **DENIES** Plaintiff's motion for reconsideration filed on March 6, 2024. (Doc. 68).

As to Plaintiff's motion for reconsideration filed on April 24, 2024, the Court likewise **DENIES** that motion. Specifically, the Court finds that there is no mistake, inadvertence, surprise, or excusable neglect; fraud or misconduct of the opposing party; a judgment that is void or discharged; newly discovered evidence; or any other reason that justifies relief under the standard set forth under Rule 60(b). On February 28, 2024, Cutler filed a motion for leave to file an amended complaint. (Doc. 66).[1] Plaintiff maintains that this proposed amended complaint contains four new claims of First Amendment violations which are directly related to his Eighth Amendment claim of deliberate indifference and further supports his motion for preliminary injunction. At this point in the litigation, a motion to reconsider based on Cutler's proposed amended complaint is premature as that amended complaint is not before the Court.

---

[1] The Court notes that this motion is still under advisement and a decision will be issued in due course.

## CONCLUSION

For the above-stated reasons, the Court **DENIES** Plaintiff's motions to reconsider. (Doc. 68, 90).

**IT IS SO ORDERED.**

**DATED: June 4, 2024.**

Digitally signed by Judge Sison
Date: 2024.06.04 13:35:57 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**