UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAD CUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:23-cv-03127-GCS |
| | ) |
| ANTHONY WILLS, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

This matter comes before the Court for case management. Although there is no constitutional or statutory right to appointment of counsel in a civil case, the Court may, in its discretion, appoint counsel to represent indigent civil litigants. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). Also, the Court has the inherent authority to appoint counsel to ensure the orderly prosecution of litigation in this district. Members of the bar are obligated to accept appointments. At this point in the litigation, the Court finds it is appropriate to appoint counsel for Plaintiff due to the complexity of this case.

In recruiting counsel, the Court must inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993). *See also Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (stating that "the question is whether the difficulty of the case – factually and legally – exceeds the

particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). To date, the Court has considered Plaintiff capable of representing himself and perceives that Plaintiff would do a somewhat adequate job representing himself throughout the litigation process. Nevertheless, for the benefit of the Court and the parties, recruitment of counsel will ensure that that this matter will run more efficiently.

**IT IS HEREBY ORDERED** that, in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(j) and 83.9(b), attorney Allen C. Schlinsog, Reinhart, Boerner, et al., is **ASSIGNED** to represent Plaintiff Cutler in this civil rights case. On or before **May 9, 2025**, assigned counsel shall enter his appearance in this case. Attorney Schlinsog is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order, copies of the docket sheet and Docs. 1, 11, 18, 42, 52, 53, 65, 94, 99, 100, 111, 130, 150, & 151 to attorney Schlinsog. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no

guarantee the Court will appoint other counsel to represent Plaintiff. **IT IS FURTHER ORDERED** that all pending motions filed by Plaintiff *pro se* are **DENIED** without prejudice so that assigned counsel can evaluate how to proceed.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. He can also

be reached by phone at 773-769-1411; however, email is his preferred means of contact. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Mills as needed.

As of this date, Plaintiff's contact information is:

Chad Cutler
S16948
MENARD CORRECTIONAL CENTER
711 Kaskaskia Street
PO Box 1000
Menard, IL 62259

**IT IS SO ORDERED.**

**DATED: April 25, 2025.**

Digitally signed by Judge Sison
Date: 2025.04.25 14:07:55 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**